### No. 363.—Decided December 23, 1895.

1. **Municipal Debts—Constitutional Limitation.**
   Any attempted creation or incurring of a debt by a city without at the same time making the provision prescribed in section 5, art. 11 of the Constitution of the State, for levying and collecting a sufficient tax to pay interest thereon and provide at least two per cent as a sinking fund, is void.  (P. 86.)

2. **Same.**
   These constitutional restraints regulate municipal corporations in contracting pecuniary obligations not to be satisfied out of the current revenues or other funds within their control lawfully applicable thereto.  They have no application to obligations payable out of either the current revenues of the year of the contract, or any other fund within the immediate control of the corporation.  (P. 87.)

3. **Same—Debt Defined.**
   The word debt, as used in sections 5 and 7, article 11 of the constitution, means any pecuniary obligation imposed by contract except such as are at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the control of the corporation.  (Pp. 87, 88.)

4. **Same—Pleadings.**
   A party attempting to recover money from a city must allege in his petition the facts showing a compliance with the Constitution and statutes necessary to bind the city, or must allege such facts as bring the claim within the exception of current expenses or ordinary expenses.  (P. 88.)

5. **Case in Judgment.**
   Plaintiff sued the city on contract for building cisterns, partly performed.  The petition failed to show a provision for taxes to pay interest and sinking fund, or an existing fund for the payment; the face of the contract not showing facts from which the court could say it was an item of ordinary expenditure:  Held, a general demurrer to the petition should have been sustained.  (Pp. 85 to 88.)

6. **Practice in Supreme Court—Final Judgment.**
   Judgment in trial court for plaintiff, on appeal the Court of Civil Appeals held

that a demurrer should have been sustained and reversed and remanded. The plaintiff below obtained writ of error on the ground that the decision practically settles the case. The Supreme Court on approving the judgment of the Court of Civil Appeals renders final judgment in the case—reversing and rendering (Rev. Stats. art. 941, sec. 8.) (P. 88.)

ERROR to Court of Civil Appeals for Third District, in an appeal from McLennan County.

McNeil sued the city of Waco, upon a contract to construct four cis-- terns for fire protection, to recover the contract price for one which he: had built and damages for refusing to allow him to complete his contract. He recovered judgment and, the city appealing, this was reversed and remanded by the Court of Civil Appeals; whereupon he obtained a writ of error affirming that the decision practically settled the case.

*Dyer & Dyer* and *Clark & Bollinger*, for plaintiff in error.—The Court of Civil Appeals erred in holding that the contract between plaintiff in error and the city of Waco created "a debt" within the meaning of the constitution and that for this reason a general demurrer should have been sustained to the petition.

The contract sued on and in evidence contained the express provision that each cistern was to be paid for in cash as completed, and said con- tract did not create a debt within the meaning of the constitutional pro-- vision, as no debt could exist or come into being anterior to the comple- tion of the contract. Williams v. Louisiana, 103 U. S., 637; N. O. Gas Light Co. v. City of N. O., 29 Am. & Eng. Corp. Cas., 246; Cole v. City of Shreveport, 41 La. (6 South. Rep., 688); Dively v. Cedar Falls, 27 Iowa, 227; Western v. Syracuse, 17 N. Y., 110; Talbott v. Iberville,. 24 La. Ann., 135.

The provisions of article 11, sections 5 and 7, do not apply to this char- acter of contract. The debt contemplated by the Constitution is a fixed obligation of the municipal corporation, payable in futuro, and necessi- tating the payment of interest and sinking fund on the contract sued on. Here it was a cash consideration, and interest on future payments was: not within the contemplation of the parties. It would have been absurd for the city, at the time the contract was made, to have levied a tax to pay interest and sinking fund when possibly the contract would never have been carried out by the plaintiff by reason of death or inability. A debt could only arise upon the completion of the contract according to its terms; and the contract provided that immediately upon the happen- ing of this contingency payment should be made, leaving no debt to be provided for.

The cases cited illustrate the distinction between a contract by which a debt may be created in future and the actual creation of a debt at the time of the contract. * * * If a debt was created by the making of a contract, the mere fact that the city may have had funds on hand to apply to its extinction would not validate an otherwise invalid act, and there is no half way ground in the matter. If it is a debt within the

meaning of the Constitution, it is invalid. If it was not a debt within the meaning of the Constitution it was valid, no matter whether the city had provided funds or not, and regardless of any allegations of petitioner, who was not called upon to allege or prove anything of the sort.

*James H. Harrison,* for defendant in error.—The court erred in overruling defendant's general demurrer to plaintiff's original petition, because plaintiff's petition is in the nature and style of an action for debt; the allegations are that the city council of defendant had contracted the debt. The petition nowhere alleges or shows that defendant, prior to the creation of said debt or at any time, made provision, by ordinance or otherwise, for a tax, the proceeds of which are to pay said debt and interest, as provided by the Constitution of the State and defendant's charter.

This being a debt incurred for the erection of cisterns for fire protection at a cost of nine hundred and twenty-five dollars each, it is for a public improvement and not a current expense of the city government. If not a current expense, then the city in order to create a valid debt must, at the time said debt be created, have provided by taxation a fund to meet the same when due. The assessment of a tax to meet the debt being a constitutional and charter prerequisite to the validity of said debt, plaintiff's petition should have shown compliance therewith. Failing to do so, it is bad on demurrer. Constitution, secs. 5 and 7, art. 11; City of Terrell v. Dessaint, 71 Texas, 771; Biddle v. City of Terrell, 82 Texas, 335; Anderson's Law Dictionary, subject, Debt.

DENMAN, ASSOCIATE JUSTICE.—Plaintiff in error filed his petition in the court below alleging, in substance: that on the 7th day of March, 1888, he entered into a contract with the city of Waco, whereby he agreed to furnish all material and build for said city, for the fire protection of the same, seven underground cisterns of brick and cement mortar, each cistern to be in the form of a cylinder laid on its side, thirty feet long and twenty feet in diameter, the walls to be eight inches in thickness and the top to come to a point two feet below the street grade, "with a two foot neck in diameter coming to the grade point, and to be covered with an iron cover three-fourths inches thick," the same to be completed on or before the first day of July, 1888; that in consideration of the building of said seven cisterns according to said contract the city of Waco agreed, promised, and obligated itself to pay to him for the same the sum of $925 for each cistern, in cash, upon its completion; that pursuant to and in compliance with the terms of said contract he built and constructed four of said cisterns, and thereupon tendered the same to said city and demanded the stipulated compensation, whereupon, without any just cause, the city refused to accept same or to pay therefor as agreed, and wrongfully refused to allow him to construct the three remaining cisterns, although he was ready and willing so to do; that, if he had been permitted to construct the three remaining cisterns, he would have made a profit thereon of two hundred dollars on each cistern, total, six hundred

dollars; that by reason of such facts the city became and is liable to him for the agreed price of said four cisterns and for the lost profit on the other three, for which judgment was sought against the city. To this petition the city in the court below urged a general demurrer, which was overruled; and on the trial verdict and judgment was rendered in favor of plaintiff in error in the sum of $3118.90 for building three cisterns, from which judgment the city appealed to the Court of Civil Appeals, where the judgment of the court below was reversed and the cause remanded on the ground that the court below erred in overruling the general demurrer. Plaintiff in error has brought the cause to this court, assigning as error that the Court of Civil Appeals erred in holding that the general demurrer should have been sustained, and alleging as ground of jurisdiction in this court, under the act of the Legislature, approved May 6, 1895, "that the decision of the Court of Civil Appeals practically settles the case."

This is not a suit against a natural person or private corporation, but it is a suit against a city, one of the municipal corporations referred to in Article XI. of our Constitution.

This article provides that "no debt shall ever be created by any city unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of . at least two per cent thereon," and "no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay interest thereon and provide at least two per cent as a sinking fund."

These provisions in no uncertain language, without excepting any class of cases, imperatively prohibit any city's "creating" or "incurring" a "debt for any purpose" and " in any manner," without at the same time making the required "provision." Therefore the attempted "creation" or "incurring" of a "debt" for any conceivable purpose and in any conceivable manner, without making the "provision," is contrary to the express prohibition of the Constitution and void, and it is wholly immaterial whether the consideration or "purpose" of the transaction be properly classed as an item of ordinary or current expense or otherwise, and whether the "debt" be evidenced by an ordinary verbal or written contract, a note, or a bond.

Since the inhibition against the "creation" or "incurring" of a "debt" without the "provision" is universal, it is of vital importance to determine the meaning of the word "debt" as used in the Constitution. The word has no fixed legal signification, as has the word contract, but is used in different statutes and constitutions in senses varying from a very restricted to a very general one.

Its meaning, therefore, in any particular statute or constitution is to be determined by construction, and decisions upon one statute or constitution often tend to confuse rather than aid in ascertaining its signification in another relating to an entirely different subject.

These constitutional provisions were intended as restraints upon the power of municipal corporations to contract that class of pecuniary liabilities not to be satisfied out of the current revenues or other funds within their control lawfully applicable thereto, and which would therefore at the date of the contract be an unprovided for liability and properly included within the general meaning of the word debt. They have no application, however, to that class of pecuniary obligations in good faith intended to be and lawfully payable out of either the current revenues for the year of the contract or any other fund within the immediate control of the corporation. Such obligations being provided for at the time of their creation, so that in the due course of the transactions they are to be satisfied by the provisions made, it would be an unreasonable construction of the Constitution to hold them debts within its meaning so as to require the levy of a wholly unnecessary tax upon the citizen. Thus a warrant drawn against the current revenues of the year for one of the ordinary expenses of the corporation for such year, when all the claims for ordinary expenses for that year do not exceed such revenues, or a contract entered into for the making of any public improvement authorized by law: e. g., the building of a court-house or jail, and obligating the corporation to pay therefor, there being funds within its immediate control, lawfully applicable thereto, sufficient and in good faith contemplated by the contracting parties to be used in payment thereof when due, are not debts within the meaning of such constitutional provisions requiring the making of provision for the interest and sinking fund. The payment of such claims being lawfully provided for in such way that their satisfaction in the due course of business is reasonably certain, they are in legal contemplation so far satisfied as to be considered as not contemplated by the constitutional provisions, though it may result from some cause not provided against by the law, such as failure to collect the taxes, robbery, embezzlement, or wrongful diversion of the funds, that they are not paid from the contemplated sources. (Cole v. City of Shreveport, 41 La. Ann., 839; City of Valparaiso v. Gardner, 97 Ind., 1.) On the other hand an obligation binding the city to pay for a matter relating to its ordinary expenses, such payment being, in contemplation of the parties, not intended to be made out of the current funds of the year in which the expenditure is made or any funds on hand lawfully applicable thereto, would be a debt within the meaning of the Constitution. (Sackett v. City of New Albany, 88 Ind., 473; French v. Burlington, 42 Iowa, 614.) Thus, in the City of Terrell v. Dessaint, 71 Texas, 770, this court, without passing upon the correctness of the finding of fact by the court below "that the note was given for current expenses," held that it was void, and reversed and rendered the judgment, because the note "matured at such a time as would make it a charge on the future resources of the city," there being no provision made for interest or sinking fund. By parity of reasoning we think it follows that a contract entered into for the construction or erection of any public improvement authorized by law, but not properly a part of the ordinary expenses of the corporation:

e. g., a system of water works, a court-house, or city hall, whereby the corporation undertakes to pay therefor generally, there being no fund within its immediate control lawfully applicable thereto out of which at the time of the contract it was contemplated by the parties thereto that same should be paid, would be the creation or incurring of a debt within the meaning of the Constitution.

We conclude that the word "debt," as used in the constitutional provisions above quoted, means any pecuniary obligation imposed by contract, except such as were at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the corporation. Corpus Christi v. Woessner, 58 Texas, 465; Terrell v. Dessaint, 71 Texas, 770; Appeal of City of Erie, 91 Pa. St., 398; Prince v. City of Quincy, 105 Ill., 138.

Prima facie every pecuniary obligation attempted to be created by contract is a debt within the meaning of the constitutional provisions above, and a party attempting to recover against the city thereon must allege the facts showing a compliance with the Constitution and statutes' necessary to bind the city, or must allege such facts as bring the particular claim within the exception above stated in the definition of the word "debt." If it should appear from the pleadings or the face of the obligation that the subject of the contract was clearly a matter of ordinary expenditure, such as repairing streets or salary of an officer, this would be sufficient to bring it within the exception; for the prima facie presumption would be that such claim was intended to be paid out of the current revenues annually collected for payment of such claims, and it would not be presumed the city had attempted to make contracts in excess of its revenues for the year; but where, as in the case at bar, the subject of the contract is not one which the court can say as a matter of law is an item of ordinary expenditure, the petition, in order to bring it within the exception, must allege some additional fact, such as that there was at the date of the contract a fund in the treasury legally applicable thereto out of which the parties contemplated that such claim should be paid. Since the petition seeks to enforce against the city a pecuniary obligation arising out of a contract, and alleges neither a compliance with said constitutional provisions nor any facts bringing the case within the exception above indicated in the definition of the word debt, we conclude that the Court of Civil Appeals were correct in holding that the general demurrer should have been sustained; and in compliance with the mandate of the statute directing this court, in the event the decision of the Court of Civil Appeals is approved, in a case brought to this court on the ground that the decision of the Court of Civil Appeals practically settles the case, to "render final judgment accordingly," the judgment of the court below is reversed and judgment will be here rendered that plaintiff in error take nothing by his suit and pay all costs.

*Reversed and rendered.*