

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1952

Hon. A. K. Stewart
County Attorney
Montgomery County
Conroe, Texas

Opinion No. V-1556

Re: Validity of a construction
contract let by the Commis-
sioners' Court in an amount
in excess of the unobligated
balance in the permanent
improvement fund plus the
amount of a bond issue voted
for this construction pro-
ject.

Dear Sir:

Your request reads as follows:

"On October 13, 1952, the Commission-
ers' Court of Montgomery County, Texas,
entered into a construction contract for
an addition to the county hospital in the
amount of $581,491.00. On this date the
county had on hand unencumbered funds
available in the amount of $570,820.65.
However, based on experience for many pre-
vious years, the Commissioners' Court
reasonably anticipated that it would col-
lect $10,670.35 in delinquent taxes and
other unencumbered and unappropriated
revenues, exclusive of the 1952 tax levy.

"Question: Is the contract valid?"

You are more specifically concerned with whether
the contract constitutes a debt in violation of Section
7 of Article XI of the Constitution of Texas since all
statutory provisions concerning the awarding of the con-
tract and the expenditure of money have been complied
with.

In answering your question we shall assume that
the anticipated delinquent tax collections and other un-
encumbered and unappropriated revenues referred to in
your request include only revenues which are properly
payable to the county's Permanent Improvement Fund.

Article XI, Section 7 of the Constitution of Texas provides in part:

"But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; and the condemnation of the right of way for the erection of such works shall be fully provided for."

The term "debt" as used in the above quoted constitutional provision has been uniformly held by the courts of this State to mean "any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the immediate control of the corporation." Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525, 527 (1938); Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980 (1941); Sumerlin v. Fowler, 229 S.W.2d 75 (Tex.Civ.App. 1950); McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895); Foard County v. Sandifer, 105 Tex. 420, 151 S.W. 523 (1912).

An excellent discussion of Section 7 of Article XI is found in McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895), wherein the Supreme Court stated:

"Since the inhibition against the 'creation' or 'incurring' of a 'debt,' without the 'provision,' is universal, it is of vital importance to determine the meaning of the word 'debt' as used in the constitution. The word has no fixed, legal signification, as has the word 'contract,' but is used in different statutes and constitutions in senses varying from a very restricted to a very general one. Its meaning, therefore, in any particular statute or constitution, is to be determined by construction, and decisions upon one statute or constitution often tend to confuse rather than aid in ascertaining its signification in another relating to an entirely

different subject. These constitutional
provisions were intended as restraints upon
the power of municipal corporations to con-
tract that class of pecuniary liabilities
not to be satisfied out of the current
revenues or other funds within their control
lawfully applicable thereto, and which would
therefore, at the date of the contract, be
an unprovided-for liability, and properly
included within the general meaning of the
word 'debt.' They have no application, how-
ever, to that class of pecuniary obligations
in good faith intended to be, and lawfully,
payable out of either the current revenues
for the year of the contract or any other
fund within the immediate control of the
corporation. Such obligations being pro-
vided for at the time of their creation, so
that in the due course of the transactions
they are to be satisfied by the provisions
made, it would be an unreasonable construc-
tion of the constitution to hold them debts,
within its meaning, so as to require the
levy of a wholly unnecessary tax upon the
citizen. Thus, a warrant drawn against the
current revenues of the year for one of the
ordinary expenses of the corporation for such
year, when all the claims for ordinary ex-
penses for that year do not exceed such rev-
enues, or a contract entered into for the
making of any public improvement authorized
by law, e.g. the building of a courthouse or
jail, and obligating the corporation to pay
therefor, there being funds within its im-
mediate control lawfully applicable thereto
sufficient, and in good faith contemplated
by the contracting parties to be used in pay-
ment thereof when due, are not debts, within
the meaning of such constitutional provi-
sions requiring the making of provision for
the interest and sinking fund. The payment
of such claims being lawfully provided for,
in such way that their satisfaction in the
due course of business is reasonably certain,
they are, in legal contemplation, so far
satisfied as to be considered as not contem-
plated by the constitutional provisions,
though it may result, from some cause not

provided against by the law, such as failure
to collect the taxes, robbery, embezzlement,
or wrongful diversion of the funds, that
they are not paid from the contemplated
sources."

Under the facts presented, the obligation
created by the contract is to be satisfied out of the
reasonably anticipated current revenues available for
the year 1952 and no part of the 1952 tax levy (available
for 1953 expenditures) is to be used to satisfy the
obligation. It is therefore our opinion that the con-
tract does not create a debt in violation of Section 7
of Article XI of the Constitution of Texas.

## SUMMARY

An obligation created by a contract
to be satisfied out of reasonably anticipated
current revenues does not constitute a debt
within the meaning of Section 7 of Article
XI of the Constitution of Texas. Stevenson
v. Blake, 131, Tex. 103, 113 S.W.2d 525
527 (1938); Bexar County v. Hatley, 136 Tex.
354, 150 S.W.2d 980 (1941); Sumerlin v.
Fowler, 229 S.W.2d 75 (Tex.Civ.App. 1950);
McNeill v. City of Waco, 89 Tex. 83, 33 S.W.
322 (1895) and Foard County v. Sandifer, 105
Tex. 420, 151 S.W. 523 (1912).

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistnat

Charles D. Mathews
First Assistant

BA:am

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant