

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 13, 1953

State Board of Control   Opinion No. S-39
Capitol Station
Austin, Texas         Re: Authority of the State
                    Board of Control to let
                    supply purchase contracts
Dear Sirs:          on a two year basis.

       You have requested an opinion on the author-
ity of the Board of Control to make a two year supply
contract for state departments and agencies if in the
opinion of the board it is advantageous to the State.

       Prior to the creation of the State Board of
Control the State Purchasing Agent was authorized to
contract for all supplies, merchandise and items needed
for the maintenance and operation of eleemosynary and
educational institutions. Such contracts were limited
to a term of one year. Article 7328, Revised Civil
Statutes, 1911, as amended by Chapter 126, Acts 34th
Legislature, Regular Session, 1915, page 193.

       It was the duty of the Superintendent of Public
Buildings and Grounds to furnish State departments and
agencies with furniture, fixtures and supplies. Chapter
42, Acts 35th Legislature, 4th Called Session, 1918,
page 72. Contracts for supplies of State departments
and agencies were not limited.

       The duties of the State Purchasing Agent and
the State Superintendent of Public Buildings and Grounds
were transferred to the State Board of Control by the
Legislature in 1919. Chapter 167, Acts 36th Legislature,
Regular Session, 1919, page 323. The articles prescrib-
ing the duties of the State Purchasing Agent, State
Superintendent of Public Buildings and Grounds and
State Board of Control were codified in the Revised
Civil Statutes, 1925, as articles 601-695.

       Since the Constitution and statutes of this
State are silent as to the length of term for which a
supply contract for State departments and agencies may

be made, the only provision affecting the term of such contracts are those constitutional provisions which provide that no debt may be created by or on behalf of the State and that an appropriation of money cannot be made for a longer term than two years. Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924); McNeal v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895); Att'y Gen. Op. S-18 (1953). It is therefore our opinion that the Board of Control may legally award supply contracts for State departments and agencies for a term of two years provided supplies for eleemosynary and educational institutions are not included in the contracts. Contracts for the supplies of such institutions are limited to a term of one year. Arts. 642-645, V.C.S.

## SUMMARY

The State Board of Control may legally award supply contracts for State departments and agencies for a term of two years provided that supplies for eleemosynary and educational institutions are not included in the contracts.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By John Reeves
John Reeves
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am