

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 25, 1961

Honorable Weldon Holcomb
Criminal District Attorney
Smith County
Tyler, Texas

Opinion No. WW-1174

Re: Time Warrants and
County Budgets.

Dear Mr. Holcomb:

You inform us that the Commissioners' Court of Smith County inaugurated proceedings on August 14, 1961, looking to the issuance of interest bearing time warrants in the amount of $2,500,000.00 for the purpose of evidencing indebtedness arising from claims and accounts to be incurred in connection with the planned construction and improvement of roads within the county and the acquisition of rights-of-way therefor.

You declare that the 1961 budget does not include the proposed expenditures under the program. Consequently, your questions are:

"1. May the Commissioners Court commence expenditure of monies for which time warrants will be issued without having budgeted these items in the budget for the year 1961?

"2. If the County may expend these funds through the remainder of the year 1961, may this be done through a separate bookkeeping system or must it be done by budget amendment?

"3. If it may not be done by either of the means requested in Question No. 2, will you please state as a matter of law how monies from this account can be expended for the year 1961?"

Sections of the Uniform Budget Law applicable to counties are Articles 689a-9, as amended, through 689a-12, V.C.S.

A portion of Article 689a-11, V.C.S., declares:

"When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in cases of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget."

Article 6716-1, V.C.S., provides that expenditures of the County Road and Bridge Fund shall be ". . . strictly in accordance with annual budgeted appropriations . . ."

The time warrants will issue under the provisions of Article 2368a, as amended, V.C.S. Section 1 thereof defines a time warrant:

"The term 'time warrant' as used in this Act shall include any warrant issued by a city or county not payable out of current funds."

Section 8, same Article, provides:

"It is hereby made the duty of all Commissioners' Courts . . . to levy, and have assessed and collected, taxes sufficient to pay the interest as it accrues and the principal as it matures on all . . . time warrants issued in accordance with the provision of this Act . . . ."

Section 7, Article XI, of our Constitution, declares:

"No debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2% as a sinking fund."

The Supreme Court in McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895) defined a "debt".

"An obligation binding the city to pay for a matter relating to its ordinary expenses, such payment being, in contemplation of the parties, not intended to be made out of the current funds of the year in which the expenditure is made, or any funds on hand lawfully applicable thereto, would be a debt within the meaning of the Constitution."

In the instant case the time warrants are dated September 1, 1961, and mature serially from 1964 through 1990. They bear 4½% interest per annum, payable on July 1, 1962, and semi-annually thereafter on January 1 and July 1 in each year.

The order of the Commissioners' Court authorized the creation of a debt and pledged to its eventual retirement Constitutional Road and Bridge Fund taxes to be collected in the future. The time warrants themselves are but non-negotiable evidences of county indebtedness payable in the future to be from time to time exchanged for a like amount of claims and accounts arising from the project as its various aspects develop and contracts thereunder are performed. Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919); Nacogdoches County v. Lafferty, 61 S.W.2d 994 (Comm. App. 1933). In the sense of the Uniform Budget Law, the primary expenditure of county funds will occur on July 1, 1962, the first interest payment date.

Under the facts and for the reasons announced we advise that it is our opinion that the county budget for the year 1961 is not involved in nor is it controlling of this situation. Expressed in the alternative, the time warrant program is not a matter for the 1961 budget, but is a proper item for the 1962 budget.

This conclusion provides the answer for questions two (2) and three (3).

## SUMMARY

County funds will not be expended by
the issuance of time warrants during
1961; consequently, that year's budget
is not affected thereby.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Grundy Williams
Assistant

GW-s

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Arthur Sandlin
John Reeves
Robert Lewis
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
By:   Houghton Brownlee, Jr.