**CITY–COUNTY SOLID WASTE CONTROL BOARD, Appellant,**

**v.**

**CAPITAL CITY LEASING, INC., and Bill Gaston, Inc., Appellees.**

**No. 3–90–081–CV.**

Court of Appeals of Texas, Austin.

July 24, 1991.

Rehearing Overruled Sept. 11, 1991.

Lonnie E. Chunn, New Braunfels, for appellants.

Peter Kreisner, Peter Kreisner & Associates, Austin, for appellees.

Before CARROLL, C.J., and JONES and SMITH, JJ.

CARROLL, Chief Justice.

A lessor and its assignee sued a governmental unit for breach of an equipment lease. The trial court granted summary judgment against the governmental unit. We reverse the trial court's judgment and instead render judgment that appellees take nothing.

## BACKGROUND

The issue in this appeal is whether a lease which requires a governmental unit to pursue annual appropriations creates an unconstitutional debt.

In 1976, Comal County and the City of New Braunfels created the City–County Solid Waste Control Board (the Board) to operate their jointly owned sanitary landfill. In June 1986, the Board entered into a lease-purchase agreement with Capital City Leasing, Inc., for earth moving equipment. The lease provided for an "anticipated" term of four successive one-year periods, corresponding to the Board's fiscal year, beginning on July 1, 1986.

The lease further provided that the Board's "right, title and interest in and obligations under [the lease]" would terminate if the Board were unable to "obtain proper appropriation or approval of the full amount of funds necessary to make [the lease] payments." This provision required the Board to give Capital City thirty days' notice. The lease also required the Board, "to the extent permitted by State law," to include in its budget for each of the four years of the lease "a sufficient amount to permit [the Board] to discharge all of its obligations" under the lease.

In the year after the lease was executed, the Board experienced operating losses and numerous problems complying with sanitation regulations. As a result, the Board sold the landfill in May 1987 to a private operator, which did not assume the Board's obligations under the lease. Because the Board no longer needed the leased earth movers, it notified Capital City in writing on June 17, 1987 that it was terminating the lease and at the same time remitted

lease payments through July 17, 1987. The Board concedes that the proceeds from the sale of the landfill to the private operator were more than sufficient to pay all of the lease payments that it would have owed had it leased the equipment for three more years.

Capital City sued the Board for breach of the lease agreement, alleging, among other things, that the Board could not terminate the lease without first attempting in good faith to appropriate funds to cover the rent payments. Both parties moved for summary judgment. The trial court denied the Board's motion, and granted Capital City judgment against the Board for $140,-133.17, the total rent the Board would have paid had it renewed the lease for each of the three years following the termination.

The Board asserts the trial court erred in that: (1) the lease is void because it is a "debt" in violation of the Texas constitution; (2) the Board properly complied with the lease's termination provision; and (3) the lease is void because neither Comal County nor the City of New Braunfels ratified it. We will address only the Board's contention that the lease creates an unenforceable "debt."

## DISCUSSION AND HOLDING

■ Neither a city nor a county may incur a "debt" without establishing a tax to cover interest on the obligation and to create a sinking fund of at least 2% to reduce the principal. Tex.Const.Ann. art. 11, §§ 5 & 7 (1955 & Supp.1991). The supreme court has addressed the purpose underlying this restriction:

> At the time the constitution was framed, the history of the country and the state afforded examples of municipal corporations which had become bankrupt through the reckless and extravagant management of their governing bodies; and its framers doubtless had under consideration the evils which result both to the tax-payers and the creditors of such corporation from an unlimited power to create debts.

*City of Terrell v. Dissaint,* 71 Tex. 770, 9 S.W. 593, 594 (1888). A contract which violates these constitutional provisions is void, and the governmental unit involved need not pay any related obligation. *Texas & New Orleans R.R. Co. v. Galveston County,* 141 Tex. 34, 169 S.W.2d 713, 716 (1943).

■ "Debt," as used in sections 5 and 7, means any pecuniary obligation imposed by contract. *McNeill v. City of Waco,* 89 Tex. 83, 33 S.W. 322, 324 (1895). A contract does not create a "debt," however, if the parties lawfully and reasonably contemplate that the obligation will be satisfied out of current revenues or out of some fund then within the immediate control of the governing body. *Id.* A contract which runs for more than one year is a commitment only of current revenues, and so is not a "debt," *if* it reserves to the governing body the right to terminate at the end of each budget period. *See* 1979 Tex.Gen. Laws, ch. 749, § 4(b), at 1841 [Tex.Rev.Civ. Stat.Ann. art. 2368-2 §§ 3-4, since codified at Tex. Local Gov't Code Ann. § 271.005(b) (1988)].

■ In this case, the "anticipated" term specified in the lease exceeds one fiscal year, and so the lease is a "debt" within the meaning of sections 5 and 7, unless it reserves to the Board the right to terminate at the end of each year. The lease contains a termination provision, but that provision is not sufficient to save the lease from unconstitutionality. While the lease gives the Board the right to terminate at the end of each budget period, the Board can exercise that right only if it has not obtained an appropriation for the lease payments. By requiring the Board to pursue funding before it can terminate, the lease creates a pecuniary obligation, the exact evil sections 5 and 7 were designed to prevent. The lease it, therefore, void.

Capital City asks us to nonetheless uphold the summary judgment because the Board breached other provisions of the lease. The alleged breaches are irrelevant, however, because the lease is void and so the provisions breached are unenforceable.

## CONCLUSION

We hold that the lease creates an unconstitutional debt. We sustain the Board's first point of error and reverse the trial court's judgment. Ordinarily, when an appellate court reverses a summary judgment, it remands the cause to the trial court. Where, however, the trial court has also denied the other party's meritorious motion for summary judgment, the appellate court may render judgment on that motion. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

In this case, the trial court should have granted the Board's motion for summary judgment because the lease is void. Accordingly, we render judgment that the appellees take nothing. Because we reach this determination, we do not address the Board's other points of error.