

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 10, 1993

Honorable Charles S. Brack
County Attorney
Chambers County
P.O. Box 1200
Anahuac, Texas 77514

Opinion No. DM-273

Re: Whether the Chambers County Commissioners Court has the authority to create a civil process department, separate and apart from control of the sheriff (RQ-505)

Dear Mr. Brack:

You advise that in July of 1992, the Chambers County Commissioners Court created a "Civil Process Office." You suggest that this office performs all of the duties that the sheriff's office performed regarding civil process before the office was created, except the actual service of process, which is performed by the sheriff, his deputies, various constables and their deputies. The employee who occupies the office of civil process is also a deputy constable, who sometimes serves the papers she processes. You ask whether the court has the authority to create a civil process department that is independent of the control of the sheriff. We conclude that the court is lacking in such authority.

Article V, section 18 of the Texas Constitution provides that the commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this constitution and the laws of the State . . . ." Tex. Const. art. V, § 118; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); Attorney General Opinion JM-449 (1986) at 1. The court may exercise only such powers as the Texas Constitution and statutes expressly grant, together with such other implied powers as are reasonably necessary to carry out its express duties. *Schope v. State*, 647 S.W.2d 675, 678 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd); *see Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941).

With regard to civil process, the commissioners court is vested with two duties. The first is contained in section 81.022(a) of the Local Government Code, which provides:

The commissioners court shall issue the notices, citations, writs, and process necessary for the proper execution of its powers and duties and the enforcement of its jurisdiction. A notice, citation, writ, or process must:

(1) be in the name of the "State of Texas";

(2) *be directed to the sheriff or a constable of a county;*

(3) be dated and signed officially by the clerk; and

(4) be impressed with the court seal.

Local Gov't Code § 81.022(a) (emphasis added). The second is found in section 118.131(a) of the code which vests the commissioners court with the authority to designate reasonable fees for "services by the offices of the sheriff and constables."

However, there is no statutory authority, express or implied, for a commissioners court to establish a civil process department or to alter the manner in which process is accomplished. Rather, the sheriff has a statutory duty to execute processes directed to him by legal authority. *Id.* 85.021(a). Furthermore, any failure to perform this duty could subject the sheriff to a fine or possible damages. *Id.* § 85.021(b)(c); Attorney General Opinion H-595 (1975) (and authorities cited therein).[1] We also note that while the sheriff is not vested with the exclusive authority to serve process, the court is not authorized to participate in the execution of process but only to issue it in certain very limited circumstances. The Texas Rules of Civil Procedure as well as other state statutes indicate that a sheriff or a constable may serve process. Additionally the Texas Rangers and officers of the highway patrol are vested with such authority when directed to do so by a court of record. *Id.*

Thus we conclude that the court does not have the express or implied statutory authority to establish a civil process department. Furthermore, a commissioners court may not interfere with or usurp the duties and performance of independent county officials. *See Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). *See generally White v. Pickett*, 355 S.W.2d 848, 849 (Tex. Civ. App.--San Antonio 1962, writ ref'd n.r.e.).

## S U M M A R Y

The Commissioners Court of Chambers County does not have the express or implied statutory authority to establish an office of civil process.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[1] The sheriff does not have exclusive authority to execute process. *Id.*

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General