**CITY OF PEARSALL, Appellant/Cross-Appellee**

v.

**Robert TOBIAS, Appellee/Cross-Appellant**

**No. 04-16-00815-CV**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: August 16, 2017

---

APPELLANT ATTORNEY: Roberto Maldonado, MALDONADO DIAZ, PLLC, 310 South Saint Mary's Street, San Antonio, TX 78205, Monique Diaz, Maldonado Diaz, PLLC, 310 S. St. Mary's Street, Ste. 1940, San Antonio, TX 78205, Marvin Morales, Marvin Morales Law, San Antonio, TX 78205.

APPELLEE ATTORNEY: Reid E. Meyers, Reid Meyers, Attorney/Mediator, 14122 Ervine Rd., Anacortes, WA 98221, Kyle C. Watson, Goode Casseb Jones Riklin Choate & Watson, P.C., P.O. Box 120480, San Antonio, TX 78212-9680.

Sitting: Karen Angelini, Justice, Marialyn Barnard, Justice, Patricia O. Alvarez, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

This appeal stems from the December 5, 2016 trial court order (1) denying Appellant/Cross-Appellee City of Pearsall's plea to the jurisdiction seeking to dismiss Appellee/Cross-Appellant Robert Tobias's breach of contract claim and (2) granting the City of Pearsall's plea to the jurisdiction contending it was immune from Tobias's claim for attorney's fees.[1] On appeal, the City of Pearsall contends it is immune from Tobias's breach of contract claim because (1) the contract does not contain the essential terms of the agreement; (2) the contract did not provide for goods or services; (3) the contract was not properly executed; and (4) the damages Tobias seeks are not due and owed under the contract. As Cross-Appellant, Tobias contends (1) the City of Pearsall waived its right of appeal by failing to timely file a notice of appeal and (2) the trial court erred in concluding Tobias failed to sufficiently allege the City of Pearsall waived immunity for attorney's fees.

Because we conclude the Texas Local Government Code waives the City of Pearsall's immunity with regard to Tobias's breach of contract claim, we affirm the portion of the trial court's order denying the City of Pearsall's plea to the jurisdiction as to Tobias's breach of contract suit. *See* Tex. Loc. Gov't Code Ann. § 271.152. We also reverse the portion of the trial court's order granting of the City of Pearsall immunity for Tobias's claim for attorney's fees. *See id.* § 271.153. We remand this cause to the trial court for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

The live pleadings before the trial court were the City of Pearsall's Amended Second Plea to the Jurisdiction and Tobias's Fourth Amended Petition. All parties agree that, at all times during the pendency of this cause, Tobias lived in San Antonio, Texas, and not within the City of Pearsall's municipal boundaries. Additionally, the City of Pearsall is a home-rule municipality and political subdivision of the State of Texas. The City of Pearsall's charter governs the City of Pearsall's power and outlines official duties.

---

1. This is the second appeal from the underlying proceedings between the City of Pearsall and Tobias. *See City of Pearsall v. Tobias*, No. 04-15-00302-CV, 2016 WL 1588400 (Tex. App.—San Antonio Apr. 20, 2016, no pet.). In the previous appeal, the court concluded the City of Pearsall was immune from Tobias's declaratory judgment claim. *Id.* at *3. The opinion did not address any additional claims.

On April 16, 2013, the City of Pearsall entered into a two-year contract with Tobias to serve as Pearsall's City Manager from April 16, 2013 through April 16, 2015. Section 3 of the contract provided, "in the event [Tobias] is 'involuntarily terminated' or 'suspended' for any reason by action of the [City] Council, ... the City [of Pearsall] agrees to pay [Tobias] a cash payment, equal to one year's salary or the balance term of this agreement, whichever is less, plus any accrued leave."

On September 10, 2013, in an open session, the City Council voted to terminate Tobias's employment, without severance pay. Although the City Council discussed Tobias's failure in adequately performing his duties, the stated reason for Tobias's termination was his failure to live within the municipal boundaries. The contract provided Tobias a six-month grace period to move to the City of Pearsall. At the time of his termination, which was five-and-a-half months after he began his employment, Tobias was not living within the city limits.

Tobias filed suit alleging the City of Pearsall breached the contract by failing to pay him the one-year's salary, plus interest and attorney's fees, as severance pay. On October 6, 2016, the trial court heard arguments on the City of Pearsall's original plea to the jurisdiction and motion to dismiss. The trial court signed an order denying the motion to dismiss on October 31, 2016, but the plea remained pending. On October 19, 2016, Tobias filed his fourth amended petition; the City of Pearsall filed its second amended plea to the jurisdiction on November 7, 2016. On December 5, 2016, prior to proceeding with jury selection, the trial court denied the City of Pearsall's second plea to the jurisdiction, and this appeal ensued.

On appeal, the City of Pearsall contends it is immune from Tobias breach of contract claim because (1) the contract does not contain the essential terms of the agreement; (2) the contract did not provide for goods or services; (3) the contract was not properly executed; and (4) the damages Tobias seeks are not due and owed under the contract. As Cross-Appellant, Tobias contends (1) the City of Pearsall waived its right of appeal by failing to timely file a notice of appeal and (2) the trial court erred in concluding Tobias failed to sufficiently allege the City of Pearsall waived immunity for attorney's fees.

We first address Tobias's allegation that the City of Pearsall waived its right to appeal by failing to timely file its notice of appeal.

## WAIVER

On appeal, Tobias contends that although the trial court's October 31, 2016 order only renders a decision regarding the motion to dismiss, all parties agreed that the hearing addressed both the motion to dismiss and the plea to the jurisdiction. The appellate record contains several unsigned orders, including orders denying the motion to dismiss and the City of Pearsall's original plea to the jurisdiction. In its December 5, 2016 notice of appeal, the City of Pearsall avers the trial court verbally announced that the plea was denied at the hearing on October 6, 2016, but only signed a written order reflecting that ruling on December 5, 2016. The only *signed* order regarding a plea to the jurisdiction is the December 5, 2016 order denying in part, and granting in part, the City of Pearsall's amended second plea to the jurisdiction.

■ The filing of a notice of appeal invokes the appellate court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). An interlocutory order granting or denying a governmental

entity's plea to the jurisdiction may be appealed from under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code; however, such an appeal must still be properly perfected under Rules 25.1, 26.1, and 28.1 of the Texas Rules of Appellate Procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2016) (permitting an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit); *see also* Tex. R. App. P. 25.1, 26.1, 28.1. Rule 26.1 requires that, "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is *signed.*" Tex. R. App. P. 26.1(b) (emphasis added). A court of appeals "lacks jurisdiction over an appeal when the notice of appeal is not timely filed." *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing Tex. R. App. P. 25.1); *Nedd–Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 612–13 (Tex. App.—Dallas 2010, no pet.) (concluding time to perfect appeal runs from the date the trial court signed the judgment).

In the present case, a review of the appellate record supports that the only *signed* order regarding a plea to the jurisdiction filed by City of Pearsall is the trial court's order signed on December 5, 2016. As a result, the City of Pearsall's notice of appeal was due before December 26, 2016. *See* Tex. R. App. P. 26.1(b). Because the City of Pearsall filed its notice of appeal on December 5, 2016, this court has jurisdiction over the appeal.

We, therefore, turn to whether Tobias's pleadings support a waiver of immunity.

## Texas Government Code Section 271.152

### A. Standard of Review

 "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Immunity from suit implicates a court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016); *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *see also Miranda*, 133 S.W.3d at 225–26; *accord City of Hous. v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011); *IT–Davy*, 74 S.W.3d at 855. "As subject matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo." *Hous. Belt & Terminal Ry. Co.*, 487 S.W.3d at 160.

 If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff has "alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* (internal quotations omitted). If the plea to the jurisdiction challenges the existence of jurisdictional facts, which also implicate the merits of the case, "we consider evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015); *see also Holland*, 221 S.W.3d at 642 (concluding a court may not weigh the claim's merits but must consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Suarez*, 465 S.W.3d at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdic-

tion must be granted as a matter of law." *Id.*; *see also Miranda*, 133 S.W.3d at 226–28; *Williams*, 353 S.W.3d at 133.

## B. Governmental Entity Must Waive Immunity

▇▇ Absent waiver, governmental entities retain immunity from suit. *Williams*, 353 S.W.3d at 134. "If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed." *IT-Davy*, 74 S.W.3d at 853. The waiver of immunity set forth in section 271.152 provides as follows:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2016). Here, the City of Pearsall is a local government entity. *See id.* § 271.151(3) (providing that "local governmental entities" includes municipalities, public school and junior college districts, and various special-purpose districts and authorities); *see also Williams*, 353 S.W.3d at 135 (concluding that home-rule city is a type of municipality). Additionally, "because the [City of Pearsall] is a chartered home-rule city, it meets section 271.152's requirement that it be 'authorized by statute or the constitution to enter into a contract.' " *See Williams*, 353 S.W.3d at 135 (citing *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998) (noting that home-rule cities possess all powers of the state that are "not inconsistent" with "the Constitution, the general laws, or the city's charter," except where limited by statute)). In the present case, the City Charter for the City of Pearsall specifically provides "the City Council may choose to enter into a contract with the City Manager for a period not to exceed two (2) years." CITY OF PEARSALL, CHARTER art. 6, § 6.01.

▇▇ For a contract to be subject to section 271.152's waiver of immunity, it (1) must be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity. TEX. LOC. GOV'T CODE ANN. § 271.151(2) (defining "contract subject to this subchapter"); *accord Williams*, 353 S.W.3d at 135. The City of Pearsall contends its immunity is not waived under section 271.152 because the contract (1) does not state the essential terms of the agreement; (2) does not provide for goods or services; and (3) the City Council did not properly execute the agreement.

## C. Analysis

We first address whether the agreement states the essential terms.

### 1. Unilateral Contract

▇▇ "A unilateral contract, on the other hand, is 'created by the promisor promising a benefit if the promise performs. The contract becomes enforceable when the promise performs.' " *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 303 (Tex. 2009) (quoting *Plano Surgery Ctr. v. New You Weight Mgmt. Ctr.*, 265 S.W.3d 496, 503 (Tex. App.—Dallas 2008, no pet.)); *accord Williams*, 353 S.W.3d at 135–36; (created when a promisor promises a benefit if a promise performs). Unlike the bilateral contract's exchange of mutual promises between the parties, a unilateral contract contemplates one party providing consideration for actual performance. *See Williams*, 353 S.W.3d at 136. A "unilateral employment contract is created when an employer promises an employee certain

benefits in exchange for the employee's performance, and the employee performs." *Id.*

We conclude the employment contract between the City of Pearsall and Tobias was a unilateral contract. *See Williams*, 353 S.W.3d at 136.

*2. Essential Terms*

██ A contract must include essential terms: "the time of performance, the price to be paid, and the service to be rendered," and in the context of employment agreements, may typically include "compensation, duties or responsibilities." *See Williams*, 353 S.W.3d at 138–39. "[A] unilateral employment contract is created when an employer promises an employee certain benefits in exchange for the employee's performance, and the employee performs." *Id.* at 136.

██ Here, the contract sets forth the parties—Tobias and the City of Pearsall, and outlines Tobias's obligations as the City Manager of the City of Pearsall. The contract further provides the City of Pearsall will pay Tobias an annual salary of $80,400.00, payable on a bi-weekly schedule. The contract provides for the city manager to work forty hours per week; the contract further compensates any additional time necessary for the full and proper performance through twelve personal days per calendar year. The contract requires the City of Pearsall to evaluate Tobias's performance at thirty days, ninety days, and at least once annually. The contract is for a term of two years. The contract also allows the City of Pearsall to terminate Tobias's services *at any time*, subject to the termination provisions in Section 3—Termination Pay. Specifically, the contract provides that in the event Tobias is " 'involuntarily terminated' or 'suspended' for any reason by action of the Council . . . the City agrees to pay [Tobias] a cash pay-ment, equal to one year's salary or the balance term of this agreement, whichever is less, plus any accrued leave."

We conclude the contract provides the essential terms required by section 271.151 and *Williams. See* TEX. LOC. GOV'T CODE ANN. § 271.151(2); *Williams*, 353 S.W.3d at 135. We next address whether the agreement provide for goods and services as required by section 271.151(2). *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2).

*3. Goods or Services*

██ Although chapter 271 does not contain a definition for the term "services," the term is generally "broad enough to encompass a wide array of activities." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010); *see also Williams*, 353 S.W.3d at 135. "In ordinary usage the term 'services' has a rather broad and general meaning," and "[i]t includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed." *Kirby Lake Dev.*, 320 S.W.3d at 839 (citing *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex. 1962)); *accord Williams*, 353 S.W.3d at 135. As the Texas Supreme Court explained, services "includes what an employee provides his employer by his efforts," and "is certainly broad enough to include services provided by employees." *Williams*, 353 S.W.3d at 135.

██ We conclude the contract between Tobias and the City of Pearsall requires Tobias to provide his services to the City of Pearsall as an employee; therefore, the requirement that the contract "provide for goods or services" is satisfied. *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2); *accord Williams*, 353 S.W.3d at 135.

Finally, we address whether the contract was properly executed by the City Council.

### 4. Properly Executed

The City of Pearsall contends the contract was not properly executed because (1) it gave rise to an unconstitutional debt, and (2) it attempted to circumvent the City Charter's mandate that the city manager reside within the city limits.

#### a. Unconstitutional Debt

The City of Pearsall contends that the contract was not properly executed because a contract case against a local government requires the plaintiff to plead and prove that the local government set aside funds or made other provisions to pay the debt to the plaintiff at the time it was created. Tobias counters that the contract limits the severance pay to one year's salary or the salary due for the balance of the term, whichever is less. Thus, Tobias contends, on the face of the contract, the termination payment obligation cannot be a multi-year obligation.

In *City-County Waste Control Board v. Capital City Leasing*, the Austin Court of Appeals explained, "[a] contract does not create a 'debt,' however, if the parties lawfully and reasonably contemplate that the obligation will be satisfied out of current revenues or out of some fund then within the immediate control of the governing body." 813 S.W.2d 705, 707 (Tex. App.—Austin 1991, writ denied); *accord Mun. Admin. Servs. v. City of Beaumont*, 969 S.W.2d 31, 37 (Tex. App.—Texarkana 1998, no pet.). When a local or county government's expenditures only commit monies from current revenues, no debt is created within the meaning of Art. XI § 7 of the Texas Constitution. *See City of Pflugerville v. Capital Metro Transp. Auth.*, 123 S.W.3d 106 (Tex. App.—Austin 2003, pet. denied). "A contract which runs for more than one year is a commitment only of current revenues, and so is not a 'debt,' if it reserves to the governing body the right to terminate at the end of each budget period." *City-Cty. Waste Control Bd.*, 813 S.W.2d at 707.

The facts of Tobias's contract are not in dispute. The contract is for a two-year period, beginning April 13, 2013. Pursuant to the agreement, the City Council could terminate the agreement at any time and impose no obligation for the continued employment of Tobias as Pearsall's City Manager. The termination provision further provides for a maximum payout of one-year's salary. Tobias's right to the severance payment in question was contingent upon the City Council's involuntary termination of his employment.

The parties clearly contemplated and memorialized the severance agreement, as evidenced by the plain language of Section 3, and the agreement is limited by time and amount. *Cf. Tex. & N.O.R.R. Co. v. Galveston Cty.*, 141 Tex. 34, 169 S.W.2d 713 (1943) (concluding the contract in question was so indefinite that future taxpayers might be confronted with an obligation not within their control). Accordingly, we conclude the employment agreement created an obligation that was lawfully and reasonably anticipated by the parties at the time of contract; and because the "governing body [maintains] the right to terminate at the end of each budget period," the agreement does not create an unconstitutional debt. *See City-Cty. Waste Control Bd.*, 813 S.W.2d at 707.

#### b. Residency Requirement

The City of Pearsall next contends the contract was not properly executed because it attempts to circumvent the City Charter's mandate requiring the city manager to reside in the municipal corporate

limits during his or her tenure. Tobias counters that the employment agreement places a specific compliance deadline and the agreement's residence provision is preempted by section 25.027 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 25.027 (West 2008).

### (1) Texas Local Government Code Section 25.027

Tobias relies on Texas Local Government Code section 25.027's provision that "[t]he governing body of the municipality shall appoint the city manager solely on the basis of the person's administrative ability." TEX. LOC. GOV'T CODE ANN. § 25.027 (West 2008). As the City points out, however, section 25.027 is for general municipalities, not home-rule cities. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 25 (entitled "City Manager Form of Government in General-Law Municipality").

In *BCCA Appeal Group, Inc. v. City of Houston*, the Texas Supreme Court explained the relationship between self-government of home-rule cities and the Texas Legislature. 496 S.W.3d 1, 7 (Tex. 2016). "Home-rule cities possess the power of self-government and look to the Legislature not for grants of authority, but only for limitations on their authority." *Id.* (citing TEX. LOC. GOV'T CODE ANN. § 51.072(a); *Dall. Merch.'s & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 490–91 (Tex. 1993)). Home-rule cities, however, are not authorized to enact any provision conflicting with either the Texas Constitution or the general law of the Texas Legislature. *Id.* "Therefore, a home-rule city's ordinance is unenforceable to the extent that it is inconsistent with the state statute preempting that particular subject matter." *Id.* (citing *Dall. Merch.'s & Concessionaire's Ass'n*, 852 S.W.2d at 491).

Unlike the requirements set forth in chapter 25, section 26.041(3) specifically provides that a home-rule municipality may prescribe the qualifications, duties, and tenure of office for officers. TEX. LOC. GOV'T CODE ANN. § 26.041(3); *see also* TEX. ELEC. CODE ANN. § 141.003 (providing "[d]ifferent age and residence requirements ... may be prescribed by a home-rule city charter"). We, therefore, reject Tobias's argument that the City of Pearsall's residency requirement is preempted by section 25.027.

We thus turn to whether the City of Pearsall did not properly execute the agreement because allowing Tobias six-months to establish residency circumvents the City Charter and, therefore, the City Council committed an ultra vires act in executing the agreement.

### (2) Ultra Vires Acts

To prove an act was ultra vires, the party must allege, and ultimately prove, the official acted without legal authority or failed to perform a purely ministerial act. *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). The City of Pearsall contends the City Council acted impermissibly by waiving the residency requirement for a period of six-months. This court must take Tobias's allegations as true and construe the pleadings in Tobias's favor. *See Holland*, 221 S.W.3d at 642.

Section 26.041 provides that the City of Pearsall, a home-rule municipality, may prescribe the City Manager's qualifications. TEX. LOC. GOV'T CODE ANN. § 26.041(3). It does not preclude the City Council's ability to alter or delay a requirement within the City's Charter. We, therefore, conclude that Tobias's claim that the City of Pearsall acted within its legal authority to negotiate a period of time to comply with the residency requirement is sufficient to survive a plea to the jurisdiction. Accordingly, we overrule the City of

Pearsall's contention the acts were ultra vires.

### BALANCE DUE AND OWED

In its last issue on appeal, the City of Pearsall asserts that pursuant to section 271.153, it is only liable for "balance due and owed." *See* TEX. LOC. GOV'T CODE ANN. § 271.153. Because Tobias was paid for all of the services rendered by him during the five-and-a-half months he was employed by the City of Pearsall, the City of Pearsall asserts the severance or termination pay was not "due and owed." Tobias counters that the term "due and owed" means the amount of damages for breach of contract payable and unpaid. *See Zachry Constr. v. Port of Hous.*, 449 S.W.3d 98, 111–12 (Tex. 2014).

■■■ "The word 'due' simply means 'owing or payable' and 'owing' means 'unpaid.'" *Id.* at 111. Further, "[a] 'balance due and owed ... under the contract' is simply the amount of damages for breach of contract payable and unpaid." *Id.* In the present case, the city terminated Tobias on September 10, 2013. The City Council's actions triggered the termination section of the contract pursuant to which the City of Pearsall owed Tobias the payment of one year's salary, or $80,400.00. Therefore, Tobias's pleadings allege damages for the "balance due and owed" under the contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.153.

### ATTORNEY'S FEES

■■■ Finally, Tobias contends the trial court erred in concluding the City of Pearsall was immune from his claim for attorney's fees. We agree.

Section 271.152 waives immunity for a governmental entity "for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." Section 271.153(a) sim-

ilarly addresses breach of contract suits "subject to this subchapter," and provides as follows:

(a) ... *the total amount of money awarded* in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter *is limited to the following*:

(1) *the balance due and owed* by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) *reasonable and necessary attorney's fees that are equitable and just*; and

(4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

TEX. LOC. GOV'T CODE ANN. § 271.153 (emphasis added). Section 271.153 simply limits the damages available for a waiver of immunity pursuant to section 271.152. *Zachry*, 449 S.W.3d at 108.

The Texas Supreme Court clarified that the "subject to the terms and conditions" phrase in section 271.152 incorporates other provisions of the Act to define the scope of its waiver of immunity. As the court explained[, "the] waiver does not extend to tort suits, suits in federal court, or allow recovery beyond that permitted in Section 271.153." *Romulus Grp., Inc. v. City of Dall.*, No. 05-16-00088-CV, 2017 WL 1684631, at *5–6 (Tex. App.—Dallas May 2, 2017, no. pet.) (quoting *Zachry*, 449

S.W.3d at 108–10) (internal citations omitted).

· Because Tobias's pleadings state a claim under section 271.152, we likewise conclude Tobias's pleadings also allege a claim for attorney's fees under section 271.153 for which the City of Pearsall waived its immunity. *See* Tex. Loc. Gov't Code Ann. §§ 271.152, .153. Accordingly, we reverse the portion of the trial court's order granting the City of Pearsall's plea to the jurisdiction as to the City of Pearsall's liability for Tobias's attorney's fees claim. ·

## Conclusion

Because we conclude the City of Pearsall waived its immunity with regard to Tobias's breach of contract claim, we affirm the portion of the trial court order denying the City of Pearsall's plea to the jurisdiction as to Tobias's breach of contract claim. Having concluded Tobias's pleadings support a waiver under chapter 271, we reverse the portion of the trial court's order granting the City of Pearsall immunity for Tobias's claim for attorney's fees. We remand this cause to the trial court for further proceedings consistent with this opinion. ·