

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00061-CV

**CITY OF CARRIZO SPRINGS**,
Appellant

v.

Gregory **HOWARD**,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 15-02-12509-DCVAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: June 13, 2018

AFFIRMED

Appellant City of Carrizo Springs hired Appellee Gregory Howard as its City Manager. About eight months into the two-year contract, the City terminated Howard's contract. Howard sued the City for breach of contract. The City filed a plea to the jurisdiction, which the trial court denied, and the City seeks review by interlocutory appeal.

Because the City waived its immunity from suit by entering into the employment contract, we affirm the trial court's order.

**BACKGROUND**

On November 5, 2013, the City of Carrizo Springs, Texas hired Gregory Howard as its City Manager and the parties executed an employment contract. In the "Terms" section, the contract states that Howard "accepts employment as the City Manager for a term commencing November 5, 2013, and ending December 31, 2015." In the "Termination of Employment Contract" section, under "Unilateral Termination by the City," the contract states as follows:

> The City may, at its option, and by a minimum of 90 days' notice to the City Manager, unilaterally terminate this contract. In the event of such termination, the City shall pay to City Manager, as severance pay, all of the aggregate salary and other compensation he would have earned under this employment contract from the actual date of termination to the termination date set forth in this employment contract. All City paid benefits shall continue until the expiration date of the cont[r]act unless otherwise settled by mutual agreement. In any event, the severance pay will not be less than 12 months.

On July 15, 2014, Howard's employment contract was terminated. Howard sued the City for breach of contract. He argued that the City terminated the contract "without cause and without notice," and he sought damages and attorney's fees.

The City filed a plea to the jurisdiction; it argued that its immunity from suit was not waived because the contract was not properly executed. The City argued that "because Howard's Severance Pay Provision was not contemplated to be paid from the current revenues of fiscal year 2013–2014," the contract constituted a debt under article XI, section 7 of the Texas Constitution, *see* TEX. CONST. art. XI, § 7, the City did not meet the tax and sinking fund requirements to validate the contract, *see id.*, and thus the contract did not invoke the Local Government Code's waiver.

After a hearing, the trial court denied the City's plea.

The City raises this interlocutory appeal. The City argues the trial court erred by denying its plea because its immunity from suit was not waived.

## PLEA TO THE JURISDICTION, STANDARD OF REVIEW

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *accord Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 559 (Tex. 2018). Consenting to suit in certain circumstances, the Legislature waived local governmental entities' immunity from suit in section 271.152 of the Local Government Code:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2016) ("Waiver of Immunity to Suit for Certain Claims"); *see Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 106 (Tex. 2014) (recognizing that the statute "waives immunity from contract suits for local governmental entities").

A local governmental entity, such as a city, may assert its immunity from suit in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227; *accord City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 301 (Tex. 2017) (per curiam) (quoting *Miranda*).

We consider whether the plaintiff has "allege[d] facts that affirmatively demonstrate a trial court's subject matter jurisdiction," *Miranda*, 133 S.W.3d at 226, and whether the governmental entity has "assert[ed] and support[ed] with evidence [the proposition] that the trial court lacks

subject matter jurisdiction," *id.* at 228. The court must "take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*; *accord Suarez v. City of Texas City*, 465 S.W.3d 623, 633 (Tex. 2015).

**WAIVER OF IMMUNITY FROM SUIT**

In its sole issue, the City argues its immunity from suit was not waived because the employment contract violated article XI, section 7's prohibition on creating an unfunded debt, the contract was outside the City's authority, and thus the City's immunity was not waived by the Local Government Code. We briefly review the constitutional provision and the applicable law.

**A.      Constitutionally Proscribed Unfunded Debt**

The Texas Constitution prohibits a city from incurring a debt unless it meets certain tax and sinking fund requirements:

> [N]o debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund . . . .

TEX. CONST. art. XI, § 7; *see Brown v. Jefferson Cty.*, 406 S.W.2d 185, 187 (Tex. 1966).

However, "[a] contract which runs for more than one year is a commitment only of current revenues, and so is *not* a 'debt,' *if* it reserves to the governing body the right to terminate at the end of each budget period." *City-County Solid Waste Control Bd. v. Capital City Leasing, Inc.*, 813 S.W.2d 705, 707 (Tex. App.—Austin 1991, writ denied) (first emphasis added); *accord City of Bonham v. Sw. Sanitation, Inc.*, 871 S.W.2d 765, 768 (Tex. App.—Texarkana 1994, writ denied) ("A contract that runs for more than a year but gives the city a right to terminate it at the end of each year is a commitment of current revenues only and *is not a debt*." (emphasis added)).

**B.** **Statutory Waiver of Immunity**

The Legislature has authorized a city to enter into certain contracts. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A) (addressing contracts for "services to the local governmental entity"); *City of Houston v. Williams*, 353 S.W.3d 128, 135 (Tex. 2011). If a city enters into a contract for services, the contract invokes "section 271.152's waiver of immunity [if] it (1) [is] in writing, (2) state[s] the essential terms of the agreement, (3) provide[s] for goods or services, (4) to the local governmental entity, and (5) [is] executed on behalf of the local governmental entity." *See City of Pearsall v. Tobias*, 533 S.W.3d 516, 522 (Tex. App.—San Antonio 2017, pet. denied) (citing TEX. LOC. GOV'T CODE ANN. § 271.151(2); *Williams*, 353 S.W.3d at 135); *see also City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 566 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Waiver of immunity is triggered by the mere act of entering into a contract for goods or services.").

**C.** **City's Argument**

The City argues Howard's employment contract violates the Texas Constitution because the two-year term and the severance pay provisions create an unfunded debt. The City contends the contract "did not specifically reserve the right to terminate the contract at the end of each budget period," and the contract improperly attempted to force the City to incur a debt without meeting the constitutionally required tax or sinking fund provisions for such a debt. *See* TEX. CONST. art. XI, § 7 (tax, sinking fund requirements); *Brown*, 406 S.W.2d at 187. Because the City did not meet the constitutional requirements, the contract was not properly executed, and section 271.152 does not operate to waive the City's immunity from suit. *See* TEX. LOC. GOV'T CODE ANN. § 271.152.

**D. Howard's Argument**

Howard argues the City's immunity from suit has been waived because his employment contract falls within the scope of sections 271.151 and 271.152. *See id.* §§ 271.151, .152. He asserts the contract was an exercise of a proprietary function—which waives immunity—and the contract was payable in full out of then-current-year funds. He also argues the contract did not create a debt because the City had a unilateral right to terminate the contract.

**E. Evidence of Valid Contract**

The City acknowledges that the parties executed the written employment contract for Howard to provide his services to the City. Neither party disputes the text of the contract's "Terms" or "Unilateral Termination by the City" provisions.

The City does not argue that the employment contract did not meet all the essential elements of a valid contract, *see* TEX. LOC. GOV'T CODE ANN. § 271.151; *Williams*, 353 S.W.3d at 135; *Tobias*, 533 S.W.3d at 522, or challenge the sufficiency of Howard's pleadings, *see* *Miranda*, 133 S.W.3d at 226. Instead, the City argues the contract is void because it created a debt without meeting the constitutional tax and sinking fund requirements. *See* TEX. CONST. art. XI, § 7; *Brown*, 406 S.W.2d at 187.

Thus, we look to the contract's terms and the applicable law to determine whether the contract created an unfunded debt and the trial court should have granted the City's plea. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (waiver of immunity); *Tobias*, 533 S.W.3d at 522 (creating a debt); *City-County Solid Waste Control Bd.*, 813 S.W.2d at 707 (debt); *Sw. Sanitation*, 871 S.W.2d at 768 (debt).

**F. Evidence of Waiver of Immunity**

Here, Howard's employment contract contemplated a two-year period of employment, but it also includes a termination provision that allows the City to, "at its option, and by a minimum

of 90 days' notice to the City Manager, unilaterally terminate this contract." Because the City had the right to unilaterally terminate Howard's contract before the end of each budget period, or at any other time, the contract did not create a debt. *See Tobias*, 533 S.W.3d at 522 ("[B]ecause the 'governing body [maintains] the right to terminate [the contract] at the end of each budget period,' the agreement does not create an unconstitutional debt." (second alteration in original)); *City-County Solid Waste Control Bd.*, 813 S.W.2d at 707 (same); *Sw. Sanitation*, 871 S.W.2d at 768 (same). The City's two-year term argument is unavailing.

The City's severance pay provision argument fares no better. The City asserts—without any supporting authorities—that because Howard's claim is for more than one year's salary, his claim creates "a multi-year obligation." Even if we assume any severance was to be paid in more than one payment (rather than in a single, lump-sum payment), the City provides no authorities to show how the severance pay provision created a constitutionally proscribed debt. The evidence shows the City had funds within its immediate control to pay any severance amount several times over, and the City failed to affirmatively negate that evidence. *See Tobias*, 533 S.W.3d at 524 ("[A] contract does not create a 'debt,' however, if the parties lawfully and reasonably contemplate that the obligation will be satisfied out of current revenues or out of some fund then within the immediate control of the governing body.").

Taking all the evidence favorable to Howard as true and making all reasonable inferences in his favor, *see Suarez*, 465 S.W.3d at 633; *Miranda*, 133 S.W.3d at 228, we conclude Howard has "alleged facts that affirmatively demonstrate [the] trial court's subject matter jurisdiction," *see Miranda*, 133 S.W.3d at 226, and the City failed to "support[] with evidence [the proposition] that the trial court lacks subject matter jurisdiction," *see id.* at 228. We overrule the City's issue.

## CONCLUSION

The City's only argument on appeal is that the City's immunity from suit was not waived by Howard's employment contract because there was no provision to meet the constitution's tax and sinking fund requirements and thus the contract created a proscribed debt. But the City's right to unilaterally terminate the contract at any time means Howard's contract did not create an unfunded debt, and that ground does not void the employment contract.

Taking the evidence favoring Howard as true, we conclude it shows the employment contract includes section 271.151's essential elements and invokes section 271.152's waiver of the City's immunity to suit. Howard met his burden to show the trial court has subject matter jurisdiction; the City failed to meet its burden to show the trial court does not.

We affirm the trial court's order.

Patricia O. Alvarez, Justice