

## IN THE
## TENTH COURT OF APPEALS

### No. 10-20-00183-CV

JOSHUA DEVELOPMENT GP, LLC,
AS THE GENERAL PARTNER OF
JOSHUA DEVELOPMENT COMPANY, LTD.,

Appellants

 v.

JOHNSON COUNTY SPECIAL UTILITY DISTRICT,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. DC-C201900699

## MEMORANDUM OPINION

In four issues, appellant, Joshua Development GP, LLC, as the general partner of

Joshua Development Company, Ltd. (collectively "Joshua"), appeals the trial court's

granting of a plea to the jurisdiction in favor of appellee, Johnson County Special Utility

District ("JCSUD"). We reverse and remand.

## Background

The focus of this dispute is the Joshua Meadows Subdivision "Community Facilities Contract" (the "Contract") entered into in July 1999, by each party's predecessor-in-interest. The Contract included provisions where Joshua's predecessor-in-interest, Heritage Properties of Texas, LLC, agreed to construct a ground water storage facility and pump station, sewer lift stations, force mains, water main, and all water and sewer lines within the Subdivision, and pay $142,760 as full satisfaction of all impact fees for the Subdivision. In return, JCSUD's predecessor-in-interest, Johnson County Freshwater Supply District No. 1 ("JSFWSD"), which later formally merged with JCSUD, agreed to extend and connect an existing water main to a groundwater storage facility and provide water and sewer service to the homes pursuant to its rates and policies. The Contract also stated that title to this infrastructure would convey to JSFWSD upon issuance of a Letter of Acceptance following final completion.

In November 1999, Heritage paid the $142,760 as prepayment for 332 water/sewer taps and impact fees. The parties do not dispute whether the predecessors-in-interest fulfilled the initial terms of the agreement.

In September 2004, Heritage sold its interests and assigned its rights and obligations in the Joshua Meadows Subdivision to Joshua. In 2007, the JCSUD formally merged with JCFWSD. From 1999 to 2007, no water or sewer impact fees were charged

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 2

by JCSUD or its predecessor-in-interest or paid by Joshua or its predecessor-in-interest for approximately sixty-one homes constructed in Joshua Meadows.

Joshua alleges that JCSUD breached the Contract on June 20, 2019, when it sent a letter to Joshua stating that it would no longer "provid[e] a 'free ride'" to Joshua and that the current utility fees would apply. JCSUD reasoned that the 1999 Heritage contract had no language binding JCSUD.

At the time of JCSUD's June 20, 2019 letter, approximately 150 of the original 332 lots remained undeveloped. Furthermore, from 1999 to 2019, the cost of water and sewer connection fees increased from $430 per lot, as provided in the Contract and pre-paid by Joshua, to $5,580 per lot. Joshua alleges that JCSUD's actions will add approximately $837,000 to Joshua's remaining costs of development.

In September 2019, Joshua filed its original petition asserting, among other things, that JCSUD breached the Contract by "wrongfully charging Plaintiff $5,580.00 per lot in what should be pre-paid impact fees for each new home constructed." JCSUD filed a general denial, as well as a plea to the jurisdiction, arguing that it is entitled to governmental immunity and that Joshua's contract-based claims did not fall under any provision that waives JCSUD's governmental immunity. Joshua filed amended petitions and multiple responses to JCSUD's plea to the jurisdiction, asserting that JCUSD waived governmental immunity under Chapter 271 of the Texas Local Government Code and that JCSUD's failure to accept Joshua's pre-paid impact fees as full satisfaction of the

impact fees for new development in the subdivision constituted an inverse condemnation and unconstitutional taking of Joshua's property for which there is no governmental immunity.

Both Joshua and JCSUD sought written discovery. Joshua responded, JCSUD did not. Rather, JCSUD requested discovery extensions and filed a motion for protective order and stay of discovery. The trial court did not set for a hearing or rule on JCSUD's motion for protective order or its stay of discovery. With the hearing on JCSUD's plea to the jurisdiction quickly approaching, Joshua filed a motion for continuance of the hearing on the plea to the jurisdiction and a motion to compel JCSUD to respond to discovery requests. Joshua's motions for continuance and to compel were set for a hearing on the same day as the plea to the jurisdiction.

On June 17, 2020, the trial court heard argument on all three pending matters—JCSUD's plea to the jurisdiction and Joshua's motions for continuance and to compel. At the conclusion of the hearing, the trial court took the case under advisement. Later, the trial court signed an order granting JCSUD's plea to the jurisdiction and dismissing Joshua's claims for want of jurisdiction.

Following the dismissal of its claims, Joshua requested that the trial court enter findings of fact and conclusions of law. In a letter sent to the parties, the trial court declined to enter findings of fact and conclusions of law because "the case was disposed of pretrial and [on] jurisdictional grounds." This accelerated appeal followed.

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 4

## Plea to the Jurisdiction

In its first issue, Joshua contends that trial court erred by granting the JCSUD's plea to the jurisdiction because the JCSUD's immunity is waived under section 271.152 of the Texas Local Government Code given that the Contract complies with section 271.151 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151-.152.

STANDARD OF REVIEW

Governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into a contract waives its immunity from liability but retains its immunity from suit unless its immunity from suit is specifically waived by the Legislature. *Id.* Governmental immunity from suit implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Engelman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 751 (Tex. 2017). We review the trial court's ruling on a plea to the jurisdiction de novo. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). Our ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

Our analysis must begin with an evaluation of the plaintiff's pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When examining the

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 5

pleadings, we construe them liberally in favor of conferring jurisdiction. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be given the opportunity to amend. *Id*. at 226-27. But if the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

DISCUSSION

Although Joshua argues that JCSUD's immunity is waived under section 271.152 of the Texas Local Government Code, JCSUD counters that the Contract lacks an "essential term"—the time of performance—and that any goods and services under the Contract "flowed" away from JCSUD, the governmental entity. In other words, JCSUD contends that the Contract does not meet the requirements for a "[c]ontract subject to this subchapter" under section 271.151(2) of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2). We first address the complaint pertaining to the time of performance.

**Essential Terms of the Contract**

Section 271.152 of the Texas Local Government Code waives qualifying governmental entities' immunity from suit for certain breach-of-contract claims. *See id.* §

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 6

271.152; *see also City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Specifically, section 271.152 provides:

> A local governmental entity that its authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. This statute, when applicable, waives a governmental entity's immunity from suit for breach of contract by clear and unambiguous language. *See Williams*, 353 S.W.3d at 134.

For immunity to be waived, three elements must be established: (1) the party against whom the waiver is asserted must be a "local governmental entity," as defined by section 271.151(3); (2) the entity must be authorized by statute or the Constitution to enter into contract; and (3) the entity must have, in fact, entered into a contract that is "subject to this subchapter," as defined by section 271.151(2). *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2)-(3); *see also Williams*, 353 S.W.3d at 134-35. It is undisputed that JCSUD is a "local governmental entity," as defined in section 271.151(3), and that JCSUD is authorized to enter into contracts. *See* TEX. LOC. GOV'T CODE ANN. § 271.151(3). The only question presented here is whether the Contract is the type of contract that, if breached, waives JCSUD's immunity.

The phrase "contract subject to this subchapter" means:

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 7

(A) A written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity; or

(B) A written contract, including a right of first refusal, regarding the sale or delivery of not less than 1,000 acre-feet of reclaimed water by the local governmental entity intended for industrial use.

TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A)-(B). Although section 271.151(2) of the Texas Local Government Code does not define "essential terms," the Texas Supreme Court has held "essential terms" to include "the time of performance, the price to be paid, . . . [and] the service to be rendered." *Williams*, 353 S.W.3d at 138-39 (internal citations & quotations omitted); *see Kirby Lake Dev. Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010); *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) (noting that a contract is legally binding "if its terms are sufficiently definite to enable a court to understand the parties' obligations."); *see also City of Pearsall v. Tobias*, 533 S.W.3d 516, 523 (Tex. App.—San Antonio 2017, pet. denied). We rely on guiding principles of contract interpretation to determine whether the services described in the contract are sufficiently definite. *Clear Creek Indep. Sch. Dist. v. Cotton Com. USA, Inc.*, 529 S.W.3d 569, 581 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016)).

While it is true that the Contract does not explicitly state the time of performance, Joshua contends that the language of the Contract implies that it remains in effect until all 332 houses in the subdivision are completed. JCSUD complains that this is an

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 8

unreasonable construction, especially considering the Contract was signed in 1999, and by the time JCSUD sent the June 20, 2019 letter to Joshua, approximately 150 of the original 332 lots remained undeveloped.

Regarding the absence of an explicit term for time of performance, one court noted the following:

> Courts have also been willing to supply missing terms when necessary to effectuate the purposes of the parties under the agreement. The absence of a duration term does not necessarily suggest that the parties did not enter into an enforceable agreement; such incomplete agreements are often enforced. When the duration of a contract is not expressly dictated by the agreement, courts will frequently presume that the parties intended the agreement to last for a reasonable time. This is especially true in cases where the agreement contemplated that one party will make substantial expenditures or other investments in accordance with performance.

*Avila v. Gonzalez*, 974 S.W.2d 237, 244-45 (Tex. App.—San Antonio 1998, pet. denied); *see Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 486 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("If no time for performance is stated in the contract, the law may imply a reasonable one if the contract is sufficiently definite for a court to be able to fix the time when it can be enforced. . . . Thus, with some contracts, courts will examine the surrounding circumstances to determine the parties' intent as to the duration of the contract, so long as a standard exists by which one can test performance." (internal citations & quotation marks omitted)).

In further support of supplying missing terms when necessary to effectuate the purposes of the parties under the agreement, the Fourteenth Court of Appeals has stated:

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 9

"When parties have 'already rendered some substantial performance or have taken other material action in reliance upon their existing expressions of agreement,' courts 'will be more ready to find that the apparently incomplete agreement was in fact complete.'" *Houston Cmty. College Sys. v. HV BTW, LP*, 589 S.W.3d 204, 213 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Fischer*, 479 S.W.3d at 237); *see Cotton Com. USA, Inc.*, 529 S.W.3d at 583.

Here, the parties performed under the Contract for approximately twenty years. Joshua made substantial expenditures by pre-paying $142,760 for *all impact fees for all 332 houses* to be completed in the Joshua Meadows subdivision, as well as constructing and conveying to JCSUD title to a ground water storage facility and pump station, sewer lift stations, force mains, water main, and all water and sewer lines within the subdivision. Joshua also provided design and engineering services for the construction of the infrastructure and paid a construction contractor to complete the infrastructure. In return, JCSUD extended and connected an existing water main to a groundwater storage facility and provided water and sewer service to the houses pursuant to its rates and policies.

Despite the Contract's lack of specificity as to duration, we conclude that the Contract meets the "low threshold" of an agreement that states all essential terms and is therefore enforceable. *See Cotton Com. USA, Inc.*, 529 S.W.3d at 585 (noting that the school district's failure to challenge enforceability of the contract until after work was completed

indicated that the contract's essential terms were sufficiently definite). The Contract outlines the parties, the subject matter, and the basic obligations, such that a court could understand the parties' obligations. *See id.* (citing *Fort Worth Indep. Sch. Dist.*, 22 S.W.3d at 846); *see also Lubbock County Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 311 (Tex. 2014) (Willett, J., dissenting) (noting that the requirement of a contract to be sufficiently definite to enable a court to understand the parties, subject matter, and basic obligations is a "low threshold"); *Cytogenix, Inc.*, 213 S.W.3d at 486; *Avila*, 974 S.W.2d at 244-45. Accordingly, we hold that the Contract is subject to chapter 271 of the Texas Local Government Code.

### The Flow of Goods and Services

Next, JCSUD contends that the Contract does not meet the section 271.151 definition of a contract because the Contract at issue does not pertain to goods and services "flowing" to the governmental entity. Rather, JCSUD asserts that any goods and services under the Contract "flowed away" from JCSUD.

"[G]oods and services" are not defined in Chapter 271. *See M.E.N. Water Supply Corp. v. City of Corsicana*, 564 S.W.3d 474, 489 (Tex. App.—Waco 2018, pet. denied). However, the Texas Supreme Court has stated that the terms are "broad enough to encompass a wide array of activities," and "includes generally any act performed for the benefit of another." *Id.* (citing *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839). Moreover, the goods and services provided "need not be the primary purpose of the agreement." *Id.*

(citing *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839). However, chapter 271's waiver of immunity does not extend to "'contracts in which the benefit that the local governmental entity would receive is an indirect, attenuated one.'" *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839 (quoting *Berkman v. City of Keene*, 311 S.W.3d 523, 527 (Tex. App.—Waco 2009, pet. denied) (op. on reh'g)); *cf. Church & Akin, L.L.C.*, 442 S.W.3d at 303 ("When a party has no right under the contract to receive services, the mere fact that it may receive services as a result of the contract is insufficient to invoke chapter 271's waiver of immunity.").

As noted previously, the Contract required that Heritage, Joshua's predecessor-in-interest, construct a ground water storage facility and pump station, sewer lift stations, force mains, water main, all water and sewer lines within the Subdivision, and pay $142,760 as full satisfaction of all impact fees for the Subdivision. Joshua also provided design and engineering services for the construction of the infrastructure and paid a construction contractor to complete the infrastructure. In return, JCSUD's predecessor-in-interest, JSFWSD agreed to extend and connect an existing water main to the ground water storage facility and provide water and sewer service to the homes pursuant to its rates and policies. Furthermore, the Contract provided that, upon completion and final walk-through by JCFWSD representatives, title to the infrastructure constructed by Heritage conveyed to JCFWSD, which was then transferred to JCSUD. Given this, we conclude that the Contract provided for "goods and services," as contemplated in chapter 271 and by the Texas Supreme Court in *Kirby Lake*. *See* 210 S.W.3d at 839.

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.
Page 12

Moreover, in reviewing the Contract, it is apparent that the purpose of the Contract was to construct the infrastructure necessary to connect homes in the Joshua Meadows subdivision to the JCSUD's system for the provision of water and sewer service. It is also noteworthy that JCSUD admitted at oral argument, and the parties do not dispute, that JCSUD is required to provide water and sewer service to the Joshua Meadows subdivision. Thus, by acquiring title to the infrastructure constructed by Heritage, JCSUD derived a direct, rather than an attenuated, benefit as a result of the Contract that aids JCSUD in satisfying its legal requirement to provide water and sewer service to the Joshua Meadows subdivision.[1] *See Kirby Lake Dev. Ltd.*, 320 S.W.3d at 832-33, 838 (finding a waiver of immunity under section 271.152 where a water authority and residential developers entered into contracts that required the developers to build water and sewer facilities according to the water authority's specifications and to lease the facilities to the water authority free of charge until the water authority purchased them); *see also NBL 300 Grp. Ltd. v. Guadalupe-Blanco River Auth.*, 537 S.W.3d 529, 534 (Tex. App.—San Antonio 2017, no pet.) (finding a waiver of immunity under section 271.152 where a contract between the water authority and a residential developer required the developer

---

[1] Interestingly, in its June 17, 2019 letter purportedly terminating the Contract, JCSUD claimed that when it merged with JCFWSD, JCSUD did not assume any of the liabilities of JCFWSD. However, JCSUD has not disclaimed any of the assets acquired from the merger with JCFSWD, including the infrastructure constructed by Joshua under the Contract. In fact, the record reflects that JCSUD retains ownership of the infrastructure construed by Joshua.

to construct a wastewater collection system in exchange for reimbursements to the developer from the developer's costs to construct the water-authority infrastructure by adding $100 to each connection fee until the developer was fully reimbursed).

Despite the foregoing, JCSUD relies on two cases to support its position that no goods or services "flowed" to JCSUD. *See generally W. Travis County Pub. Util. Agency v. Travis County Mun. Util Dist. No. 12*, 537 S.W.3d 549 (Tex. App.—Austin 2017, pet. denied); *M.E.N. Water Supply Corp.*, 564 S.W.3d at 474. Both cases are distinguishable from this case. In fact, both cases relied on by JCSUD primarily involve the supply of water from one entity to another. *See M.E.N. Water Supply Corp.*, 564 S.W.3d at 487-88; *see also W. Travis County Pub. Util. Agency*, 537 S.W.3d at 551-52. Neither case involves a developer paying for and constructing infrastructure to be conveyed to a governmental entity. Moreover, it is noteworthy that the Third Court of Appeals specifically mentioned that "the governmental entity must in the first instance have a right under the contract to receive services—even under a broad interpretation of that term—because otherwise the benefits incidentally accruing to it would be too 'indirect' and 'attenuated' to bring the contract under the Act." *See W. Travis County Pub. Util Agency*, 537 S.W.3d at 555 (citing *Church & Akin, LLC*, 442 S.W.3d at 303; *Kirby Lake*, 320 S.W.3d at 839). As noted above, JCSUD had the right to receive both goods—the infrastructure completed by Joshua—and services—design and engineering services for the infrastructure and payment for a construction contractor to complete the infrastructure—under the Contract. Therefore,

even applying the reasoning in *West Travis County Public Utility Agency*, we cannot conclude that the benefits "flowed away" from JCSUD or that the benefits were indirect or too attenuated as to not invoke chapter 271's waiver of immunity. *See id.*

**Specific Performance and Section 271.153 of the Texas Local Government Code**

JCSUD also contends that it is immune from suits seeking actual damages other than the amount "due and owed" by JCSUD under the Contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a)-(b). JCSUD asserts that Joshua seeks specific performance in this case—namely, "to prevent JCSUD from charging . . . the amount that the [impact] fees increased after a 20[-]year delay in development, and to force JCSUD [to] pass that added expense on to all of its rate payers."

Section 271.153 of the Texas Local Government Code provides, in pertinent part:

(a) Except as provided by Subsection (c), the total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) reasonable and necessary attorney's fees that are equitable and just; and

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 15

(4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

(b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

(1) consequential damages, except as expressly allowed under Subchapter (a)(1);

(2) exemplary damages; or

(3) damages for unabsorbed home office overhead.

*Id.* § 271.153(a)-(b).

In its live pleading, Joshua requested "[l]awful and allowable damages," reasonable and necessary attorney's fees, and pre- and post-judgment interest with respect to its breach-of-contract claim. Additionally, Joshua sought injunctive relief to prevent JCSUD from "[c]harging Joshua any water or sewer impact fees or similar charges for any lots in the Joshua Meadows subdivision in Joshua, Johnson County, Texas" and "requiring any builder or owner of a lot in Joshua Meadows to pay water or sewer impact fees as a requirement or condition precedent to obtaining water service from Defendant [JCSUD]."

Joshua's claim for damages for breach of contract comports with that which is allowed under section 271.153(a). *See id.* § 271.153(a). Moreover, to the extent that Joshua's request for injunctive relief amounts to a request for specific performance, we

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.

Page 16

note the following language from the Texas Supreme Court in *Hays Street Restoration*

*Group v. City of San Antonio*:

> Relying on our holding in *Zachry* that the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153, the court of appeals reasoned that because the only remedy claimed by the Restoration Group and awarded by the trial court was specific performance, and Section 271.153 does not mention specific performance, the Act does not waive the City's immunity from suit for the Restoration Group's claim.
>
> But Section 271.153 limits damages, not remedies. Damages is money. An award of damages is a legal remedy. Specific performance, by contrast, is an equitable remedy that lies within the court's discretion to award whenever . . . damages would be inadequate or . . . could not be established. Damages and specific performance are alternatives to one another.
>
> *Zachry* does not answer the question presented here: whether Section 271.153 foreclosed the Restoration Group's suit for specific performance. We hold that it did not. This is evident from the statute's plain text. Section 271.153 limits the total amount of money awarded to enumerated categories of damages. Subsection (b) clarifies that damages awarded to a local governmental entity may not include certain additional categories. Neither mentions any equitable remedy. To read former Section 271.153 as impliedly prohibiting every suit seeking an equitable remedy against a local governmental entity would too greatly restrict the general waiver of immunity in Section 271.152.
>
> Accordingly, we conclude that the Act waives the City's immunity from suit on the Restoration Group's claim for specific performance.

570 S.W.3d 697, 707-08 (Tex. 2019) (internal citations & quotation marks omitted).

Similarly, we are not persuaded by JCSUD's reliance on section 271.153 to support

its argument that Joshua's alleged request for specific performance prohibits the general

waiver of immunity in section 271.152. *See id.* at 707-08. Therefore, based on the foregoing, we conclude that Chapter 271 waives JCSUD's immunity from suit on Joshua's breach-of-contract claim. We sustain Joshua's first issue.

## Conclusion

Having sustained Joshua's first issue, we need not address Joshua's remaining issues. *See* TEX. R. APP. P. 47.1, 47.4. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith,
    and Justice Rose[2]
Reversed and remanded
Opinion delivered and filed November 9, 2022
[CV06]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

Joshua Dev. GP, LLC, as the Gen. Partner of Joshua Dev. Co., Ltd. v. Johnson County Special Util. Dist.